IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darious Lamont Moore, #248459, ) | C/A No. 3:16-1726-RMG-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sumter County Court House in the Court of ) | |
| Common Pleas; Honorable Mr. Howard P. King, ) | |
| presiding judge; Joseph Spigner, Attorney for ) | |
| Applicant; Mr. Harry Conner, Esquire, Attorney ) | |
| for the State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Darious Lamont Moore ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the McCormick Correctional Institution.[1] He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges the following facts. On March 3, 2003, he appeared before the Honorable Howard P. King in the Sumter County General Sessions Court, and Plaintiff was represented by Joseph Spigner, Esquire. [Doc. 1.] He alleges Howard King was the presiding judge during his state criminal proceedings, and Harry Conner was the attorney for South Carolina. [*Id.*] Plaintiff was indicted on the charge of armed robbery; and, "the court stated" that the charges of attempted armed robbery and possession of a weapon during the commission of a violent crime would be dismissed. [*Id.*] He contends that he pled

---

[1]At the time he filed this action, Plaintiff was incarcerated at Broad River Correctional Institution.

guilty to armed robbery and gave up certain important constitutional rights, and he seems to argue that he failed to realize his indictment should no longer have been classified as a violent offense after the charge of possession of a weapon during the commission of a violent crime was dismissed. [*Id.*]  Plaintiff seems to allege the Defendants misled him and failed to properly classify his crime to which he pled guilty. [*Id.*]

From a review of the exhibits attached to the Complaint, the Court gleans that Plaintiff disagrees with the way SCDC has calculated his 2003 sentence related to armed robbery. [Docs. 1-1; 1-2.] Also, he has complained that Spigner told him he would receive a 10-year sentence, but he received a 16-year sentence instead. [*Id.*] And, he attaches a copy of his indictment for armed robbery showing that it was classified as a "violent" offense. [*Id.*]

Based on these facts, Plaintiff seeks damages and declaratory injunctive relief. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails

to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action should be dismissed because several Defendants have immunity from this lawsuit. Howard King has judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages); *e.g., Baccus v. Wickensimer*, C/A No. 9:13-1977-DCN-BM, 2013 WL 6019469, at *2–3 (D.S.C. Nov. 13, 2013) (explaining that judicial immunity is from claims for damages and injunctive relief). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12.

Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Plaintiff alleges that Howard King was the presiding judge, and somehow he misled Plaintiff related to his guilty plea to armed robbery or possibly his sentence. This alleged factual misconduct relates to the judge's judicial acts. Thus, because Howard King's alleged

4

misconduct arose out of his judicial actions, judicial immunity squarely applies and should bar this lawsuit against him.

Harry Conner, the alleged attorney for South Carolina, has prosecutorial immunity from this lawsuit. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors, including Conner, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).

Conner's alleged wrongful conduct relates to his misleading Plaintiff related to the guilty plea, sentence, or classification of armed robbery. This alleged conduct was intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, Conner has absolute immunity from this suit. *See Mitchell*, 472 U.S. at 526 (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Additionally, this action should be dismissed for failure to state a claim on which relief may be granted. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily

5

considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, Joseph Spigner, alleged to be Plaintiff's attorney during the state criminal proceedings, did not act under color of state law, and as such Plaintiff fails to allege a plausible claim against him.

Also, Plaintiff cannot sue the Sumter County Court House in the Court of Common Pleas because it is not considered to be a "person" subject to suit.[2] It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here, the court house is a department, group of buildings, or a facility. Thus, it is not considered a person subject to suit under 42 U.S.C. § 1983, and, therefore, Plaintiff fails to state a claim on which relief may be granted against it.

Lastly, to the extent Plaintiff is seeking damages or injunctive relief based on his alleged unlawful confinement in SCDC, his claim is premature because he is currently

---

[2]If Plaintiff intends to sue Sumter County, he fails to allege the county had a policy or custom that caused him injury. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury).

serving a sentence for a conviction that has not yet been invalidated.[3] In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement, which Plaintiff has not alleged. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Plaintiff admits that he was convicted of armed robbery and is currently serving the sentence. Thus, the *Heck* holding applies to this case. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits

---

[3]In a previous civil action filed by Plaintiff in this Court in 2012, this Court explained that Plaintiff could not collect damages for any perceived constitutional violation pertaining to his conviction and sentence he was serving because Plaintiff had not alleged that his conviction and sentence had been invalidated. *See* Report and Recommendation, *Moore v. South Carolina,* C/A No. 8:12-3584-RMG-JDA (D.S.C. Feb. 12, 2013), ECF No. 15, *adopted by*, ECF No. 19.

of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Thus, this § 1983 claim should be dismissed because a right of action has not accrued.[4]

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

August 22, 2016                                                             S/Jacquelyn D. Austin
Greenville, South Carolina                                          United States Magistrate Judge

---

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).